The opinion of the Court was delivered by
Hoknbloweb, C. J.
The first question that presents itself on the face of the will, is whether the primary devisees took estates tail with, cross remainders over, or estates in fee, subject to *225 be defeated on the death of the devisees without issue living at the time of their deaths respectively. According to the decision of this court in Den v. Allaire, 1 Spencer R. 6, and which I hope has settled definitively in this state, the effect of such a limitation over to survivors, the primary devisees under this will took estates in fee, subject to be defeated, upon their dying without issue living at the time of their deaths. What then became of the lands devised to Eunice, upon her death; she having died without issue ? Did they go to the heirs at law of the tesator, or to her surviving brothers and sisters ? And if to the latter, who are included in that term : the brothers and sisters actually living at the time of her death; or does it include also the children of such of her brothers and sisters as survived the testator, but died in the .lifetime of Eunice ?
If the words, “ my surviving sons and daughters ” as here used, mean, “ my other sons and daughters,” or “ my other children,” or “ the rest of my children,” then another question arises, viz : If one should die without issue, did the testator mean that the lands of the one so dying, should go to all the others that should survive him, (the testator ;) or only to such of them, as should survive him, and then die leaving issue, together with such as should actually survive the one dying without issue ? Or to the latter class exclusively ?
If the devise over was to all his other children, and to the children of such of them as should die before the contingency should happen, then the devise over was nothing more nor less, than a devise over to his heirs at law; and the words “ my surviving sons and daughters,” must be taken to mean “ my heirs at law,” or “ the heirs at law of the one dying without issue.” For the surviving brothers and sisters of the one so dying, and the children of such as had previously died, would be the heirs at law of the one so dying without issue, as well as the heirs at law of the testator. But the law cannot ascribe such a meaning to the words of the testator; because, by the very terms of the primary devisees, the estates of the first devisees, were made subject to the condition of their leaving issue at their death ; and therefore upon (heir death without issue, the estate instantly terminated. There was nothing to descend; and whoever should next take, would take per formam doni, and not by inheritance.
*226 If on the other hand, we suppose the testator intended that the share of the one dying without issue then living, should go only to such of his other children as should die leaving issue, then Elizabeth who survived Eunice took nothing upon the death of Eunice; or at most she took only a fee, in her share of Eunice’s land subject to be defeated upon her own death without issue her surviving; and if the latter, then as Elizabeth has since died without such issue, her share in Eunice’s land, as well as the land primarily devised to her, has gone over to her surviving brothers and sisters, subject to the same condition, viz: .that they die leaving issue.
But by such a construction of the will, no part of the testator’s land, can become permanently vested in any of the children, so long as they live; for, so long as they live it is uncertain whether they will leave any issue at their death. In short this construction of the will would tie up the whole of the estate until the death of every one of the testator’s sons and daughters; and in all probability, would divide and subdivide it into so many fractions, that it would become very difficult, if not impracticable to ascertain the real ownership ; while each of those parts would be held again subject to the contingency of the owners leaving issue. Such I-conclude could not have been the meaning of the testator; and we ought not to adopt a construction, that would lead to such consequences, unless compelled to do so by a lawful intention of the testator clearly expressed, or by some imperative rule of law.
We must then adopt one of two constructions : either that the devise over, was to all Ms other children ; or only to such of them as should actually survive the one dying without issue. Upon either of these constructions, I do not see, that there would be any difficulty or confusion in the partition of this estate. Upon the supposition, that the devise over was to all his other children ; then, immediately upon the testator’s death they each became seized of or entitled to an executory devise in fee in each other’s lands, subject to be defeated upon the others leaving issue at the time of their death; and consequently if one died leaving issue after the testator, but before the death of a brother or sister without issue, the issue of the one'so first dying would take a share of the land of the one dying without issue; not as devisees of the testator, nor yet as heirs of the one dying without issue, *227 but as heirs at law of his or her deceased father or mother although such deceased father or mother did not die seized of the land in possession, but seized only of the executory interest or estate. For, in the case of executory devises, and contingent remainders, when the person, who is to take upon the happening of the contingency, is ascertained, such actual seizin of the ancestor, of the estate in possession in his lifetime is not necessary, to cast the estate upon his heirs at law. If he dies before the contingency happens, he dies seized of the interest or estate, created by the executory devise to him ; and whenever the contingency happens, the estate vests in possession in his heirs at law or devisee.— Fearne on Ex. dev. 448, 449. Goodright v. Searle, 2 Wils 29.
Upon this construction then, of the will, upon the death of Eunice without issue then living, her lands went in equal shares to all her brothers and sisters; those who survived her taking as devisees over in fee, and the children of the deceased brothers and sisters, taking in right of, and as heirs at law of their deceased parents.
So upon the subsequent death of Elizabeth without issue the lands primarily devised to her took a similar direction; but the share she acquired in the lands of Eunice by her death without issue she died seized of in fee simple, and of course they descended to her heirs at law.
I was first inclined to adopt this view of the case; but upon further reflection, and upon looking at the whole scope and tenor of this will I think it is not necessary to depart from the plain common sense and grammatical meaning of the language of the testator.
There is nothing in the will to indicate any intention in the testator, that the children of a deceased child, whether dying before or after him, should stand in loco parentis; nor any necessity to adopt such a construction for the purpose of effectuating any manifest intention of the testator, or satisfying the rules of law. On the contrary the peculiarity of the devise to the three sons, and the limitation over only of what he devised to Samuel and Thomas, and the substitution of a mere legacy to his grand daughter Rebecca, in the place of real estate which the testator originally intended to give her mother, show that the grand children were not viewed, or thought of by him as immediate objects of his bounty, in respect of his real estate.
*228 I am of opinion therefore that the devises over, were not to the testator’s “ other ” children who were living when he made his will, nor to such as should survive him; but to such only as should survive the one dying without issue.
I am not led to this conclusion simply from the fact, that the limitations over were by way of executory devise; nor from the use of the word survivors. While we have determined that a devise over to survivors, on the death of the first devisee, without issue, in the absence of any intention to the contrary, indicates a definite failure of issue, I am aware that it may become an important, and sometimes an embarrassing question, who are entitled to take under the words “the survivors” or “surviving children.” That is, that although a testator, by devising an estate upon the death of the first devisee “ without issue ” to survivors, or to surviving brothers and sisters, or surviving children, or surviving sons and daughters, sufficiently shows, that he contemplated an event which might or probably would happen while some of the postponed objects of his bounty, would be actually living to enjoy it; yet that after making such use of those terms as to determine the character of the estate, it may remain for the court to find out, who the testator intended should take under the term, survivors, or surviving children, &c. And unquestionably in some cases, such expressions may and in others must be considered as equivalent to the word “ other,” and include such as may have died before the contingency happened, as well as those in life at the time. But in this case there is no such necessity.
There is nothing in this view of the case, in conflict with the opinions of this court, recently delivered in the cases of Den v. Small and Den v. Manners. In the first case, the devise to the first taker, was clearly in tail, with remainder to the father of the lessor of the plaintiff in fee; and consequently the death of the remainder man, in the lifetime of the tenant in tail, did not defeat the estate.
And in Den v. Manners, the devise was expressly to the children of the testator’s son David, their heirs and assigns, in case David died in the lifetime of his then wife. David’s son Abraham was living when the will was made and survived his grand-' father the testator. It is true he died in the lifetime of his father David, and before the contingency happened, upon which the *229 remainder was to take effect in possession ; but lie died seized of a remainder in fee, of a part of the lands devised to his father, contingent only upon the death of his father in the lifetime of his mother. There was no doable contingency ; such, as his father dying in the lifetime of his mother, and his surviving his father. In other words, there was no contingency as to the persons who were to take, they were iixeu and certain ; they were, the children of David, of whom Abraham was one. Abraham therefore, took directly upon the death of the testator, by the very terms of the will, as one of the children of David, a vested interest in fee, which upon the death of his father in the lifetime of his mother, took effect in possession instantly in him and his heirs. The devise over was not to David’s surviving children; but to his children j which embraced every child of David then living or subsequently born. If it had been to David’s surviving children, then there would have been two contingencies that must have happened before Abraham could take: 1st, that his father should die in the lifetime of his mother : and 2d, that Abraham should survive that event. But the testator did not make the devise over contingent on the latter event and therefore we held that Abraham’s children who were the lessors of the plaintiff in that case, were entitled to recover, not as devisees of their grandfather, but as heirs at law of their father Abraham.
I am therefore of opinion that, upon the death of Eunice without issue, the lands devised to her, belonged by force of the will, -to the brothers and sisters then actually living, to the exclusion of the children of the deceased brothers and sisters, and of the testator’s grand daughter Rebecca. I am further of opinion that the surviving brothers and sisters took their respective shares of the lands of Eunice in fee simple, and not contingent upon any future event.
It follows of course, that, upon the subsequent death of Elizabeth without issue, the lands devised to her, went performam doni, to the brothers and. sisters then living, in fee simple ; and that the share she became entitled to upon the death of her sister Eunice, belonged to her in fee simple and descended to her heirs at, law.
Whitehead, J.,
having been of counsel in the case while at the bar, gave no opinion.
Cited m Armstrong v. Kent, 1 Zab, 519; Holcomb v. Lake, 4 Zab. 690; Kennedy v. Kennedy, 5 Dutch. 188; Vreeland v. Blauvelt, 8 C. E. Gr. 485.