Chasy v. Gowdy.

CLEMENTINE CHASY et al.

*v.*

RALPH B. GOWDY.

1. An estate in remainder given to A and B, "or their legal representatives," is vested, and not affected by a power given to the executor to sell the lands and divide the proceeds between A and B, in case the property cannot be satisfactorily divided.

2. The sale of the property by A and B was an election which destroyed the executor's power of sale, and hence he was not a necessary party to a bill for the specific performance of such sale.

*Mr. Willliam Pintard,* for complainants.

*Mr. I. W. Carmichael,* for defendant.

BIRD, V. C.

This bill is for the specific performance of a written agreement for the sale of real estate. The answer sets up the inability of the complainants to make title according to the terms of the agreement. The question is, Can the complainants convey the fee simple absolute? This is to be determined solely from the language of the will under which the complainants hold. All that part of the will which pertains to the matter is as follows:

"Item. I give, devise and bequeath unto my beloved wife, Clementine Chasy, all my real and personal estate, whatsoever and wheresoever found, during her natural life; and after her decease, I order my executors to divide my property equally, share and share alike, between my two children, Clementine Chasy and John A. Chasy, or their legal representatives. In case the property cannot be satisfactorily divided, I order and hereby authorize my executor to sell the same, and divide the proceeds thereof equally as aforesaid between my said children, Clementine Chasy and John A. Chasy."

From this it appears that a life estate was given to Mrs. Chasy and the remainder in fee to his two children, Clementine and John, which could only be divested in case it became necessary

Chasy *v.* Gowdy.

for the executors to exercise the power of sale therein given them. It is true the language of the devise to the children is not as plain and as direct as is the devise to Mrs. Chasy; that is, it does not repeat the words, "I give, devise and bequeath all my real and personal estate to my two children, to be divided between them by my executors;" but to my mind the testator meant that, and nothing else whatever; for without that he has made no disposition of the fee.

After these observations respecting the general characteristics of the devise, I will state what the answer shows the defendant regards as fundamental hindrances to the conveyance of a perfect title. He says that no conveyance by these devisees can be made which will not be subject to the power of sale conferred upon the executors in the will after the death of Mrs. Chasy for the purposes of division. Although it is not so stated in the answer, the legal import of the language used is that no perfect title can be conveyed without the executor joining, and that he has not united in the agreement of sale. It is also urged that, if Clementine and John can at any time make conveyance of the fee, they cannot do so until after the death of their mother, nor even then except the executor joins therein.

I conclude that Clementine and John took the remainder, in fee, upon the death of their father, and that it is not liable to be divested upon the death of both or either prior "to the death of the life-tenant." In other words, I do not think the vesting of an absolute estate was at all dependent upon their surviving the mother. I cannot suppose that the testator intended to limit the estate by the addition of the words "or their legal representatives." It certainly cannot be said that the testator meant to substitute for his children whomsoever, perchance, should be made the executor or administrator of their estates. No case has gone in that direction. Doubtless the testator used the words "or to their legal representatives" in the sense of "heirs." The law seems to be settled to this effect.

In *Corbyn* v. *French, 4 Ves. 418*, there was a bequest to A for life, and after her death legacies were given to B or her proper representative, and to four other persons or their representatives

or representative; one of the four died in the lifetime of the testator, and another survived him, but died during the lifetime of A. It was held that the former lapsed, but that the latter vested.

In the matter of *Porter's Trust, 4 K. & J. 188,* Vice-Chancellor Wood decided that, where there is a bequest to A for life and after his decease to B or "his executors," or to B or "his personal representatives," or a bequest to B, to be paid, so many months after the testator's decease, to him or "his personal representatives," it is simply another way of giving a vested interest to B upon the testator's own death; and if B die before the testator, the bequest shall lapse. *Id. 197.* Under this rule, both Clementine and John surviving the testator, the addition of the words "or their legal representatives" to the gift cannot prevent its vesting.

In *Naundorf* v. *Schumann, 14 Stew. Eq. 14,* the testator gave his real and personal estate to his wife for life, and after her death directed his executors to sell all that remained, and to divide all of the proceeds between the brothers and sisters of himself and his wife, and the Chancellor decided that the legacies vested upon the death of the testator. See, also, *Collins* v. *Bergen, 15 Stew. Eq. 57.* To the same effect is *Baldwin* v. *Taylor, 10 Stew. Eq. 78;* also, *Abrahams* v. *English, 2 Harr. 280.* In this case the testator devised all his estate, both real and personal, to his father for life, and after his death to be equally divided amongst the children of James English, their heirs and assigns, forever; and it was held that the said children took a vested interest in remainder upon the death of the testator. And *Demarest* v. *Hopper, 2 Zab. 599,* carries the mind forward in the same direction as the cases before mentioned.

As to the rights, duties or interests of the executor, it is plain that the will confers upon him nothing but the naked power of sale, and that not for the purpose of raising money to pay debts or legacies, but only for the purpose of division between the devisees. It is plain that in such case they have no interest, and are not necessary parties. It is equally plain that, if they have any power under the will, it is subordinate to the right of election

---

by the devisees or legatees; and when the right of election is once exercised the power itself is absolutely gone. This doctrine is very ancient, and is adhered to by the courts without the slightest abatement or the shadow of a criticism. See the authorities cited in *Howell* v. *Tomkins, 15 Stew. Eq. 305, 309;* and also *Armstrong* v. *McKelvey, 39 Hun 213.*

Although it seems so plain, yet perhaps I ought to point to the fact that the testator said, in case of a sale, the executor should " divide the proceeds thereof equally as aforesaid between my said children, Clementine Chasy and John A. Chasy," making, in this connection, no mention of " or their legal representatives," showing thus that the gift was absolute, and that in no event did he intend to provide a substitute.

I will advise a decree for the complainant, with costs.