WILLIAM HAGAN, trustee &c.,

v.

EUPHEMIA PLATT et al.

When a fund is held in trust for the benefit of one person for life, and to go to another in remainder, and a loss of a part of the fund occurs, arising out of insufficient security of a particular investment, such loss is to be apportioned between the tenant for life and remainderman in the proportion which the principal sum involved in the insufficient security bears to the interest due upon it at the time when the security is realized upon and the amount of the loss determined.

*Mr. Washington B. Williams*, for the complainant.

*Mr. Elijah T. Paxton* and *Mr. James Flemming*, for the defendants.

PITNEY, V. C.

This is a bill by a trustee under a voluntary settlement against his *cestuis que trust* for a settlement of his accounts and for directions.

The only question requiring consideration is as to the apportionment between tenant for life and remainderman of a loss arising upon one of the investments of the fund. The investment was a mortgage of $1,200 upon real estate, and there was a default of interest in July, 1872. A foreclosure resulted, and the property was purchased by the trustee and finally sold in 1888, realizing only a trifle over the original investment, leaving a large deficiency. The question is, how this deficiency is to be apportioned between the tenant for life and remainderman.

It is clearly not right that the whole principal fund should be first made good, and the tenant for life receive only what remains. "Such a proposition," said Lord Cottenham, in

*Turner* v. *Newport, 2 Phil. 14* (at *p. 17*), " is contrary to the plainest principles of justice."

The cases collected by complainant's counsel seem to me to solve the problem.

In *Cox* v. *Cox, L. R., 8 Eq. Cas. 343*, a decedent had bound himself in his lifetime to pay the sum of £6,000 to certain trustees three months after his death, which fund, by the terms of the obligation, was to be held by the trustees for the benefit of his widow for life, with remainder to the children of the marriage. At his death his estate was so involved that nothing was realized from it for several years; and finally not enough to pay the principal sum. The question arose, whether the amount so realized was to be appropriated *in solido* to the establishment of the principal sum, or whether it was to be apportioned between the tenant for life and the children of the marriage, and, if so, how. Sir William M. James, V. C., said: "The true principle in all these cases is, that neither the tenant for life nor the remainderman is to gain an advantage over the other—neither is to suffer more damage in proportion to his estate and interest than the other suffers—from the default of the obligor. The two must share the loss in the same way as they would have shared it had it occurred when they first became entitled in possession to the fund." And he declared that the proper mode of apportioning it was this: to ascertain what sum of money, at the death of the testator, put at interest, would produce the amount finally realized, and to invest such principal sum as and for the principal fund in settlement, and to pay so much as represented the interest to the tenant for life.

In *Re Tinkler's Estate, L. R., 20 Eq. Cas. 456*, there was a bequest of £10,000, with interest from death, to trustees upon trust to pay the income to certain persons during life, and after death to other persons. There was a deficiency of the estate to pay all the legacies, and the realization of assets occupied several years. It was held that moneys from time to time received by the trustees, and applicable to the legacies, were divisible ratably between capital and income, so as to attribute to income four per cent. from testator's death on the amount attributed to capital.

This is substantially upon the same principle applied in *Cox* v. *Cox,* although that case does not seem to have been cited. And see *Maclaren* v. *Stainton, L. R., 4 Eq. Cas. 448.*

A later case, and one more precisely in point, is *Moore* v. *Johnson, 54 L. J. 432 ; 52 L. T. 510.* There trustees had invested £8,000 on mortgage, but interest was not regularly paid for some years, and the trustees foreclosed. On September 29th, 1852, when the property was sold, there was £536 of arrears of interest due. The sale produced £7,900 only, a sum less than the amount of the face of the mortgage. The question was as to the apportionment of this sum between capital and income, and the court held that the apportionment would be in the proportion that £8,000 of principal bore to £536 of interest.

I think these cases are sound, and I will apply that principle in this case.

The whole fund held in trust is some $18,000. The amount involved in the loss is $1,200. The amount of interest due when the mortgaged premises were finally realized upon was $1,252. The amount realized was $1,267.94. This must be so divided and apportioned that the amount set aside as principal shall bear the same proportion to the amount to be paid to the tenant for life that $1,200 bears to $1,252. The result is, that the principal sum is to be restored to the extent of $620.52, and the tenant for life will be paid $647.42.