GEORGE H. BOGGS

*v.*

LYLIE BOGGS et al.

[Decided June 6th, 1905.]

1. A direction in a will that testator's real estate remaining unsold at the death of his widow (to whom the use for life was given) should be sold, and its proceeds should be divided among his surviving children, which, if standing alone, would be construed as a gift to such of testator's children as should survive his widow.—*Held*, in view of other provisions in the will clearly indicating that portions of the children's shares might be advanced to them during the widow's life and that the shares should be transmissible to the survivors in case of the death of any child, to be properly construed as a gift to the children who survived testator of a vested interest, to come into possession upon the death of the widow.

2. A further provision of the will whereby the share of any child was, at his death, to be "inherited" by the testator's surviving children (subject to his widow's use for life), construed to make the vested estate of each child liable to be devested by his death before the period of distribution.

3. The original share of any child passed at his death during the widow's life to the then surviving children, but the portions of shares accruing to any child by such survivorship did not pass at his death to those surviving him, but to his representatives.

On bill to construe the will of William J. Boggs, of which the following clauses are claimed to be in dispute:

"*Second.* I hereby give and bequeath unto my beloved and affectionate wife, Catharine Ann, all my personal property and estate, and the use and income of all my real and leasehold estate during her natural life.

"*Third.* I hereby direct that my real estate, leasehold estate and personal estate can be sold at any time, at the option of my aforesaid beloved wife and executrix, Catharine Ann, during her lifetime, and when sold, the proceeds of the real estate and leasehold estate shall be placed by my said executrix, at interest, on bond and mortgage on real estate, for the benefit of all my surviving children on and after the decease of my beloved wife and executrix, Catharine Ann. My beloved wife and executrix may, at her option, release any portion of said proceeds of such bonds and mortgages for the use and benefit of any one or more of my children if she chooses to do so. Any such portion or portions shall be debited to and deducted from the portion or portions of any such child or children.

"*Fourth.* At the demise and death of my beloved wife and executrix, Catharine Ann, I direct that all of my real estate and leasehold estate that remained unsold at that time, together with any personal estate that may at the decease of my beloved wife, Catharine Ann, remain undisposed of or invested by her, shall be sold, and the proceeds thereof shared equally by my surviving children, share and share alike, except my children Emma H., George Henry and Walter J., whose respective shares shall be separately invested at interest on bond and mortgage on real estate during their natural lives, to the end that each child herein named in this 'fourth' article may receive their separate and respective interests or proceeds thereof for their separate maintenance and sole use and benefit, to the end that each child named in this 'fourth' article may have a separate income upon which each of the said named children can rely for support. From out of the proceeds of the sale of my real estate and leasehold estate, as herein named in this 'fourth' article, there shall be deducted one thousand dollars each for my surviving grandchildren, William E., Katy and Charles Sickels, children of my beloved deceased daughter, Mary E. Sickels, which several sums of one thousand dollars each must be placed at interest on bond and mortgage upon real estate, the interest on which is to be paid to each of said grandchildren from time to time as it may become due and collected; the principal sum and sums to be paid to each of my said grandchildren herein named in this 'fourth' article as they shall each respectively arrive at the age of twenty-one years; either of said grandchildren dying before arriving at the age of twenty-one years, then and in that case the survivor or survivors shall inherit the deceased grandchild or grandchildren's portions, share and share alike.

"*Fifth.* To enable article 'fourth' to be fully carried out, I hereby nominate and appoint my two sons, Joseph P. Boggs and Theodore P. Boggs, my executors to act and execute not only this 'fourth' article, but to act and execute this my last will and testament in every particular on and after the decease of my beloved wife and executrix, Catharine Ann, who is to act solely as my executrix during her lifetime.

"*Sixth.* At the decease of either of my children, then the surviving children shall inherit the deceased child or children's share, share and share alike, subject, however, to the income from my real and leasehold estate as specified in article 'second,' wherein I direct the devising of the whole of the income from my real estate and leasehold estate to my beloved wife, Catharine Ann, during her lifetime.

"*Seventh.* I make the foregoing provision, in regard to my beloved wife, Catharine Ann, receiving the entire income from my real and leasehold estate, knowing full well that she will never allow any of my children to suffer for the necessaries of life, and I also make the foregoing distinction in reference to three of my children, as herein bequeathed and named in article 'fourth,' from duly considered and present motives; that in reference to my beloved daughter, Emma H., I also bequeath at her own request and approval, to the end that she may have during her lifetime the means of support beyond any contingency, and in reference to my sons, George H. and Walter J., each of whom have my affection, I make the same provision for them, after full consideration and from the best of motives, in the full belief that they are incapable from their natural dispositions of being able to manage their respective share or shares so as to have an income therefrom for each of their support during their natural lives.

"*Eighth.* My children named in article 'fourth,' I have, upon more mature reflection, decided that each of said named children in the aforesaid article 'fourth,' shall receive their respective share or shares only upon the following conditions, namely, Emma H., upon becoming a widow; George H. and Walter J., upon becoming married and settled in some legitimate and prosperous business; all subject, however, to my beloved wife, Catharine Ann, having the full and entire use, benefit and income from all my real estate and leasehold estate during her natural life as my widow."

*Messrs. Moore & Whitehead,* for the complainant.

*Mr. William F. Gaston,* for the defendant.

MAGIE, CHANCELLOR.

The complainant in this case is the substituted administrator with the will annexed of William J. Boggs, who was a resident of the State of New York, and died there in 1872, leaving a last will and testament, which was probated in that state and an exemplified copy of which has been duly filed in this state. The complainant represents that there is real estate of decedent in New Jersey which must now be sold under the direction of the fourth clause of said will, and which he, as administrator with the will annexed (appointed because of the death of the two executors named in the fifth clause thereof), must sell, and the proceeds arising from which sale he must distribute. How that distribution is to be made he represents to be questioned.

On his part, he insists that under the terms of the will applied to the facts, he is entitled to the whole of such proceeds.

The parties defendant to the bill are those who represent children of the testator other than complainant, who is the only surviving child. The bill charges that they contest the claim of the complainant to the whole of the proceeds of the sale, and claim the right to some portion thereof.

The substituted administrator is, under this will and the statutes conferring power upon such administrators, empowered to sell said lands. *P. L. 1888 p. 395; 2 Gen. Stat. 1429; Varick* v. *Smith,* 67 *N. J. Eq. 1.*

One of the defendants appears and has answered the bill admitting the facts therein stated, but contesting the claim of the complainant, and submitting to the jurisdiction of the court the question of the persons to whom the testator's estate is to be distributed. Some of the defendants are infants, and are brought into the cause by a guardian *ad litem.* Testimony as to the relationship of the complainant and defendants to the testator, and the death of some of testator's children and widow, and the times of their respective deaths, has been taken.

The complainant, who is to distribute the fund arising from the sale of the testator's real estate now remaining unsold, seeks the direction of the court, and thereby properly raises a question involving the construction of the will of his testator. *Hoagland* v. *Cooper,* 65 *N. J. Eq.* (*20 Dick.*) *407.*

It appears by the proofs that the widow of the deceased, to whom the use and income of all testator's real estate was given for her natural life, has died. Thereupon by the express provisions of the fourth clause of the will the unsold real estate must be sold. To whom are the proceeds of sale to be paid by the administrator who is to carry out and perform this will? The language in which the testator expresses his intent in this respect is somewhat involved. By the fourth clause he directs that, at the death of his wife, all his real estate then remaining unsold shall be sold and the "proceeds thereof shared equally by my surviving children, share and share alike."

If this clause stood alone and unexplained by other clauses of the will, it seems to admit of no doubt that the testator intended that those who should share the proceeds should be his children who survived his widow. Such was the construction

given to a similar clause in *Seddel* v. *Wills, 20 N. J. Law (Spenc.) 223.* See, also, *Brooks* v. *Kip, 54 N. J. Eq. (9 Dick.) 462; S. C., 55 N. J. Eq. (10 Dick.) 590.* But, however clearly the testator's intent is disclosed by the clause when read by itself, yet if, from other clauses, a different intent is disclosed, not inconsistent with its language, a construction must be given which will carry out his intent.

When the whole will is read, I think it plainly indicates that the testator's intent was to distribute the fund disposed of by the fourth clause among the children that survived him, and not those merely that survived the life beneficiary. Thus in the third clause, after giving power to his widow, who was also his executrix, to sell real estate and invest the proceeds in bonds and mortgages, and declaring that such investment was to be for the benefit of all his surviving children on and after the decease of his wife, he authorized his wife to "release any portion of said proceeds of such bonds and mortgages for the use and benefit of any one or more of my children," and then provides that any such portion shall be debited to and deducted from the portion of such child. Then, by the sixth clause, the testator provides that at the death of either of his children the surviving children shall *inherit* the deceased child's share, subject to the provision of a life use to his wife.

From these clauses read together it is clear, in my judgment, that the testator intended by the provisions of the fourth clause that, subject to the use by his wife for life, his estate thereby disposed of should go to and be vested in his children who survived him, but to come into possession only at the death of his wife, except as to such portions of the proceeds of any sale of real estate made by her which she may have advanced to any child.

If the construction of the fourth clause of this will had led to the conclusion that the testator intended to benefit only such of his children as survived his wife, it is obvious that the complainant's claim would be made out, because the proofs show that he, at the death of his mother, was the sole surviving child. But although the true construction of that clause, when read

with the rest of the will, is otherwise, yet complainant's claim raises a question thereunder which is the question mainly argued.

This claim is made under the provisions of the sixth clause of the will, which provides that, at the decease of any of the children of testator "the surviving children shall inherit the deceased child or children's share." The claim is that this clause limits and restricts the interest which the children of testator acquired by the will, and that their respective shares, which were, as before stated, vested in them at testator's death subject to the life interest of the widow, were rendered subject to be devested by the death of any of them during the life of the widow, in which event the share of that child is, in the language of the will, "inherited" by the surviving children.

In my judgment there is no doubt as to the intent of the testator in this clause. He thereby provided that, upon the death of any of his children during the life of his widow, the share which would have been payable to him at her death (including so much only as had not been advanced and debited to him under the provision of the third clause to that effect) should go to testator's then surviving children.

While this is perfectly obvious with respect to the share of the child who first died, a question, however, arises as to the effect of this clause upon the shares of the children who subsequently died during the lifetime of the widow. That is the question presented by the claim on the part of the defendants. When the second child died the share which he took originally under this clause undoubtedly passed to the children who then survived. But the child who secondly died had before acquired a fractional part of the share of the child who first died. Did that fractional part go to the surviving children or to the representatives of the child secondly dying? In the language of the books and cases on this subject, did survivorship include not only the original shares but the accrued shares? This question has been presented in many cases and has received various solutions.

The applicable rule, in my judgment, is that stated by Mr. Jarman. *3 Jarm. Wills (R. & T. ed.)* *560 et seq.* Briefly expressed it is, that clauses disposing of shares of legatees and

devisees dying before a given period, do not, without positive and distinct indication of intention, extend to shares accruing thereunder, but that if the intention is manifested that the entire subject of disposition shall remain in mass until the period of distribution, and then be distributed among one and the same class of objects, then the accruing shares will be carried over to those objects, together with the original shares. This rule is supported by many pertinent cases in the English courts, cited by Mr. Jarman in its support, and is, in my judgment, in accord with reason. The opinion of Chief-Justice Hornblower in the supreme court in *Seddel* v. *Wills, ubi supra,* recognizes and applies the principle.

If, in the true construction of this will, it had been found that the testator intended that the fund in question should remain intact until the death of his widow and then be distributed in mass to those of his children who survived, doubtless the so-called accruing shares would pass with the original shares.

But the testator's intention has not been found to be such as would produce that result, but rather that he designed to separate the children's respective interests, which notably appears from the provisions permitting the widow to advance to a child upon his share, which advance was to be debited to such child, and thereby diminish the amount to be distributed to him at the death of the widow.

It follows that complainant, the sole survivor of the children, is entitled to his original share of the fund to be distributed and to the original share of the child who last died leaving complainant sole survivor.

But original shares of the children who successively died before the last passed to those surviving at the death of each. Complainant is entitled to such portions thereof as thus accrued to him.

Other portions of such original shares, which passed to surviving children other than complainant, became their absolute property, and were no longer subject to the survivorship provisions of the will. As accrued shares they passed to their representatives and must be accounted for to them.

It remains to consider whether the conclusions reached ought to be modified with respect to the shares of certain of the children, in view of the curious provisions of the will. By the fourth clause testator, in declaring that all his surviving children shall share equally in his estate, excepts three of them by name. One of them is complainant; the others died during the life of the widow. But I think it obvious that what is contained in this clause was not intended to diminish the interest of those two deceased children in testator's estate. Testator explains his purpose in directing their respective shares to be invested during their lifetime and the interest thereon to be paid to them. The clause must be construed as not diminishing their interest in the estate, but only restricting the use of it for life. The shares therefore of the two who have died passed under the survivorship provision. What disposition is to be made of the share of complainant? By this clause it is to be invested for complainant for life and he can take only the interest thereon.

Before testator completed his will, he felt bound to elaborately explain the reason for the exceptional treatment of the three children in question, which he did in the seventh clause. Then in the eighth clause he modifies the provisions of the fourth clause by a direction that each of them should receive his respective share under specified circumstances. The conditions on which complainant was declared entitled to receive his share were thus expressed, "upon becoming married and settled in some legitimate and prosperous business." Complainant's bill states that he has never married, and that he is not now engaged in any business.

Complainant is represented to be of mature age and settled good habits, and it is urged that the limitation upon his use of his share should not now bind him. But the court has not power to construe testator's will so as to eliminate therefrom a clearly expressed intention. By the fourth and eighth clauses he expressed an intent to limit the use of complainant's share unless certain conditions existed. As they do not exist, the limitation is in force and must be followed.

A decree expressing these conclusions will be made.