## JOHN C. HOWELL

*v.*

## EMMA WESTBROOK.

[Filed July 21st, 1905.]

1. Testator bequeathed to his wife the interest arising from forty-six shares of bank stock and empowered his executors to pay the said interest to her "as the same shall be declared by said bank."—*Held,* that the wife was entitled only to dividends declared, not to dividends earned.

2. Testator devised and bequeathed as follows: "I do give and devise unto all my brothers and sisters and their representatives, after the decease of my wife, the house and lot left in trust to her and also the bank stock left in trust to her, to be equally divided, share and share alike." The sisters died leaving issue.—*Held,* that the word "representatives" was substitutionary and meant, having reference to the context, "next of kin under the statute of distributions."

---

*Mr. John L. Swayze,* for the complainant.

*Mr. Allen R. Shay, Messrs. Vreeland, King, Wilson & Vreeland* and *Mr. Theodore Simonson,* for the defendant.

STEVENS, V. C.

Two questions arising under the will of Henry Dildine, who died in 1874, have been propounded to me.

*First.* Testator bequeathed (*inter alia*) to his wife the interest arising from forty-six shares of the capital stock of the Mer-

chants National Bank of Newton, and empowered his executors "to pay the said interest to my wife Lydia as the same shall be declared by said bank." The widow died in February, 1900. It appears to me that what the testator intended was that the wife should have such dividends as were *declared*. It is said in *Thompson on Corporations,* § 2219, that the enhanced price for which stocks may sell by reason of dividends earned, but not declared, enures, under the modern rule, to the benefit of the remainderman. How far, if at all, this rule is modified by what has been decided in *Van Doren* v. *Olden, 19 N. J. Eq. (4 C. E. Gr.) 176; Ashurst* v. *Field, 26 N. J. Eq. (11 C. E. Gr.) 1; Van Blarcom* v. *Dager, 31 N. J. Eq. (4 Stew.) 783; Lang* v. *Lang, 57 N. J. Eq. (12 Dick.) 325,* I need not consider, for, as I understand the language of the will in question, the gift to the wife is expressly limited to dividends *declared*. Everything else goes to the remaindermen.

*Second.* Testator devised and bequeathed as follows:

"I do give and devise unto all my brothers and sisters and their representatives, after the decease of my wife, the house and lot left in trust to her, and also the bank stock left in trust to her, to be equally divided, share and share alike."

The sisters, three in number, all died in testator's lifetime, leaving issue, and the question is, who takes under the words "or their representatives?" I have so recently considered this question in *Howell* v. *Gifford, 64 N. J. Eq. (19 Dick.) 180,* that I shall not attempt to repeat here what I said there. Among the cases cited in the opinion is *King* v. *Cleaveland, 4 De G. & J. 477,* which seems to be on all fours with the case at bar. I think the word "representatives" is substitutionary, and means, having reference to the context, "next of kin under the statute of distributions."