In the matter of the estate of MARY ANN ALABONE, deceased.

[Decided March 29th, 1909.]

1. Where a testator orders the sale of his realty, the conversion will, unless a contrary intent distinctly appears, be deemed to have been directed merely for the purposes of the will; and, where realty is converted into personalty, the heir is not excluded unless the testator manifests a clear intent that the proceeds of the realty shall go to the next of kin.

2. Where testator confines the gift of the residuum to a particular part of the estate, the residuary legatee is excluded from any part of the estate not included in the residuary clause.

3. Testatrix gave to nephews all the residue and remainder of her "personal estate," and devised real estate to her executor with power to sell the same in trust for her estate.—*Held*, that the nephews were not entitled to the proceeds of the sale of the real estate, but the same passed to the children of testatrix.

·On appeal from a decree of the Essex county orphans court adjudging distribution of the proceeds of the sale of real estate.

*Mr. John T. Duffy,* for the appellants.

*Mr. Alfred B. Van Liew,* for the respondent.

WALKER, VICE-ORDINARY.

In her last will the testatrix provided,· *inter alia,* as follows:

"5th. I hereby give and bequeath to my nephews William John Merideth, of Manchester, England, and Joseph E. Merideth of Newark, New Jersey, all the rest, residue and remainder of my personal estate to be divided between them, share and share alike.

"6th. I hereby give and devise to my executor hereinafter named all my real estate No. 50 Dawson Street, Newark, New Jersey, with power to lease, mortgage, convey and otherwise dispose of the same, as to him shall seem best; the same to be held by him nevertheless in trust for my estate."

The question presented to the orphans court, and to this court on appeal, is whether the proceeds of the sale of the Dawson street property shall be distributed to the Merideths, residuary· legatees of the personal estate of the testatrix, or to the children of the testatrix, Thomas Geddes and Margaret J. Blackwell. The balance of the proceeds of sale for distribution amounts to the sum of $1,087.03.

The Essex county orphans court directed distribution to be made to the children, and this upon a finding that the proceeds of the sale of the Dawson street property are to be considered land for the purpose of distribution.

In my judgment, the case at bar is governed by that of *Moore* v. *Robbins, 53 N. J. Eq. (8 Dick.) 137,* wherein Chancellor McGill, as ordinary, held:

"Where a testator orders his lands to be sold, the conversion will, unless a contrary intention distinctly appears, be deemed to have been directed merely for the purpose of the will, and consequently if those purposes fail or do not require it, it will, in equity, be considered land and be given to the heir."

The reasoning in the opinion in *Moore* v. *Robbins,* and the authorities cited to sustain the judgment of the ordinary, clearly establish the doctrine that where realty is converted into personalty the heir is not excluded, unless the testator manifests a clear intention that the proceeds of the land should go to the next of kin.

The claim made on behalf of the appellants is that they are entitled to the proceeds of the sale of the Dawson street property, which is personalty by reason of its conversion into money, because they are the residuary legatees under the will; but the doctrine is, that where the testator has confined the gift of the residuum to a particular part of the estate, the legatee is excluded from any part of the estate not included in the residuary clause. *Roy* v. *Monroe, 47 N. J. Eq. (2 Dick.) 356.*

Said Vice-Chancellor Van Fleet in this case (*Roy* v. *Monroe,* at *p. 356*) :

"If the testator has circumscribed or confined the residue, which he makes the subject of his gift, to his residuary legatee, then his residuary legatee is not a general, but a specific legatee, and can only take that part of the residue specifically pointed out in the gift to him."

It is to be observed that the testatrix confined the bequest of her residuary estate to personalty only. Her language is clear and unmistakable. In making this bequest she says "all the rest, residue and remainder of my personal estate." At her death the Dawson street property was real estate for the purposes of succession, whether the direction to convert it made it personalty from the time of her death or from the time of sale, a question which it is not necessary to decide.

I am clearly of opinion that the decree of the orphans court was rightly made, and it will be affirmed, with costs.