The complainant, administrator cum testamento annexo of Adonijah S. Boyd, deceased, and as substituted trustee thereunder, and as agent of the cestuis que trustent therein, filed this bill to settle his accounts, and to be advised as to the true meaning of the will and the manner of distributing the estate. *Page 56 
The testator by the fourth clause of his will gave to Adelaide Barling for life his homestead in Hackensack and the furnishings. By the fifth clause he devised and bequeathed the residue of his estate to William E. Skinner, in trust, during the lifetime of Adelaide Barling, to pay the net income, one-seventh to Adelaide Barling and a one-seventh to each of his two nephews and four nieces, James Boyd, John Quackenbush, Kate Hopper, Fannie Price, Sophie Benjamin and Jane Boyd, and then added:
"And if any of my said nephews or nieces shall die during the lifetime of said Adelaide Barling, leaving issue, to pay to such issue the share of said remainder which my said nephews or nieces legally represented by such issue would have been entitled to receive if living; and if any of my said nephews or nieces shall die during the lifetime of said Adelaide Barling without leaving issue to pay the share of said remainder which my said nephew or niece, who shall so die, would have been entitled to receive if living, to the survivors or survivor of my aforesaid nephews and nieces, and to the issue of any of them who shall have died leaving issue, in equal shares, share and share alike, except that issue paid under this provision shall be paid only that share, which my said nephew or niece who shall be legally represented by such issue would have been entitled to receive if living."
By the sixth clause, upon the decease of Adelaide Barling, he devised and bequeathed the rest and residue of his estate to his two nephews and four nieces in equal shares, and added:
"And if any of my said nephews or nieces shall have died during the lifetime of the said Adelaide Barling, leaving issue who shall be living at the time of the decease of said Adelaide Barling, I do hereby give, devise and bequeath to such issue the share of my said nephew or niece legally represented by such issue. And if any of my said nephews or nieces shall have died during the lifetime of said Adelaide Barling without leaving issue, or leaving issue who shall have died prior to the decease of said Adelaide Barling, I do hereby give, devise and bequeath the share of my said nephew or niece, who shall have so died, to the survivors or survivor of my said nephews and nieces, and to the issue of any of them who shall have died leaving issue who shall be living at the time of the decease of said Adelaide Barling, in equal shares, share and share alike, except that issue taking under this provision shall take only the share of my said nephew or niece, who is legally represented by such issue." *Page 57 
He further provided:
"And in case it shall be necessary, in order that a satisfactory and fair division of my estate be made among my devisees and legatees aforesaid after the decease of said Adelaide Barling, then I do hereby order and direct and empower the hereinafter named executors of this my last will and testament, or the survivor of them, to sell all my real estate at public or private sale for the highest price that can be obtained by them, or the survivor of them, for the same, and to make, execute and deliver to the purchasers thereof good and sufficient deeds of conveyance in the law for the same, and the proceeds of said sales, and my personal estate, or what shall be realized therefrom, to distribute and pay over to my said devisees and legatees in the proportion hereinbefore stated."
Adelaide Barling died February 11th, 1923. James Boyd, Kate Hopper and Fannie Price predeceased her, and in that order. James Boyd left two sons, one of whom had children and a grandchild. Kate Hopper died childless. Fannie Price left a son and daughter; the son had two children.
1. The first question is, Did the testator intend that, upon the death of his nephews and nieces in the lifetime of Adelaide Barling, their issue should take the income and principal perstirpes or per capita? Uncontrolled, "issue" includes all descendants, and they share equally. Weehawken Ferry Co. v.Sisson, 17 N.J. Eq. 475; Inglis v. McCook, 68 N.J. Eq. 27. It is contended, on the one hand, that the words "legally represented by such issue," as used four times in the will, limits the issue, while, on the other hand, it is insisted that those words simply define the share the issue were to take. They, obviously, do not limit the share the issue were to take, because the restriction as to the share is otherwise specifically defined as the share the nephews or nieces "would have been entitled to receive if living." On the contrary, they were intended to and do limit the issue to those who legally represent a deceased nephew or niece — that is to say, those who would take personalty under the Distribution act and those who would take realty under the Descent act. Chasy v. Gowdy, 43 N.J. Eq. 95; Howell v.Gifford, 64 N.J. Eq. 180; Howell v. Westbrook, 69 N.J. Eq. 641; Coyle v. Coyle, 73 N.J. Eq. 528; Platt v. Johnson,87 N.J. Eq. 403. If the testator, a lawyer, had intended *Page 58 
that all the descendants of deceased nephews and nieces should take share and share alike, he would not have been at pains to qualify issue as those by whom the deceased nephews and nieces are legally represented. The qualifications would have been unnecessary. In the interpretation of wills every word must be given due consideration, and where, as here, in a gift to a class, such as issue or descendants generally, superadded words tending to define or limit the class must be given significance, and when the ordinary meaning of issue clearly appears to have been modified, effect must be given to the modification in the sense in which it carries out the intention of the testator. Children of deceased nephews and nieces take to the exclusion of their descendants.
2. The next question is, Did so much of the share of income bequeathed to Mrs. Hopper, which upon her death passed to Mrs. Price, go to the latter's issue upon her death? The bequest of the income over to the surviving nephews and nieces was an independent gift; it vested in Mrs. Price, and upon her death became a part of her estate, payable to her executor. Boggs v.Boggs, 69 N.J. Eq. 497; Trenton Trust and Safe Deposit Co. v.Cook, 88 N.J. Eq. 516.
3. The estate held two mortgages, and, pending foreclosure, the mortgagors conveyed to the trustee, who since has sold the premises at a profit. The profit is to be apportioned between the principal and income in the ratio which the principal sum involved bears to the interest due upon it at the time when the security was realized upon. Hagan v. Platt, 48 N.J. Eq. 206;Tuttle's Case, 49 N.J. Eq. 259; Parker v. Sealey, 56 N.J. Eq. 110; Trenton Trust and Safe Deposit Co. v. Donnelly, 65 N.J. Eq. 119.
4. The remaining question is, Was there a conversion of the realty into personalty? The reason for this query is, that some of the takers under the will have spouses who claim inchoate rights of dower and curtesy. The real estate was devised directly to the testator's nephews and nieces and they held vested estates, subject to being divested if they died in the lifetime of Adelaide Barling, and, consequently, dower and curtesy attached. There was no conversion at *Page 59 
the death of the testator and none by the exercise of the power of sale by the trustee, who has since sold some of the land. There is nothing in the will to indicate that the testator intended the land to be converted, and so converted to be distributed as personalty. The power of sale was only for the convenience of the estate and the purposes of the will. The sales did not disturb the rights which were vested in the takers under the will at the termination of the trust estate, nor those which at that time inured to the respective spouses. The proceeds must be regarded as land and distributed accordingly. Cook v. Cook,20 N.J. Eq. 375; Moore v. Robbins, 53 N.J. Eq. 137; AlaboneEstate, 75 N.J. Eq. 527; Meeker v. Forbes, 84 N.J. Eq. 271;affirmed, 86 N.J. Eq. 255; Albright v. Van Voorhis,104 Atl. Rep. 27.
The spouses of those who died in the lifetime of Adelaide Barling are not entitled, because their spouses were not seized.
The divorced wife of Rodman Price, one of the takers under the will, sets up that his divorce is invalid, and that she is entitled to an inchoate right of dower in the land of which he became seized under the will. That issue has yet to be tried.