61 N.J. Super. 96 (1960)
160 A.2d 308
FIDELITY UNION TRUST COMPANY, A NEW JERSEY CORPORATION, AS TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF PETER F. FLOOD, DECEASED, AS ADMINISTRATOR C.T.A. OF THE ESTATE OF ELIZABETH G. FLOOD, DECEASED, AND AS ADMINISTRATOR OF THE ESTATE OF MABEL G. CROSSMAN, DECEASED, PLAINTIFF,
v.
EDWARD F. CAVANAGH, JR., AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF EDITH FLOOD CAVANAGH, DECEASED, HENRY F. ROBERT, INDIVIDUALLY, AND HENRY F. ROBERT, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF GRACE F. ROBERT, DECEASED, AND PETER F. CROSSMAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 8, 1960.
*98 Messrs. Riker, Danzig, Marsh & Scherer (Mr. Edward J. Brown, appearing), attorneys for plaintiff.
Messrs. Brogan & Wolff (Mr. Thomas J. Brogan, appearing), attorneys for defendant Edward F. Cavanagh, Jr., executor of the estate of Edith Flood Cavanagh, deceased.
Messrs. Clapp & Eisenberg (Mr. Alfred C. Clapp, appearing), attorneys for defendant, Henry F. Robert, individually, and Henry F. Robert as executor of the last will and testament of Grace F. Robert, deceased.
Messrs. Pitney, Hardin & Ward (Mr. William H. Osborne, Jr., appearing), attorneys for defendant, Peter F. Crossman.
COLIE, J.S.C.
Fidelity Union Trust Company, in the three-fold capacities as trustee under the last will and testament of Peter F. Flood, deceased, as administrator c.t.a. of the estate of Elizabeth G. Flood, and as administrator of the estate of Mabel G. Crossman, seeks construction of the will of Peter F. Flood and instructions as to payment and distribution of income and principal of the trust estate. The facts are not in dispute. Peter F. Flood died April 5, 1906, leaving a will probated in Essex County, which provided as follows:
"Second:  I give devise and bequeath all my property, real personal and mixed whatsoever and wheresoever the same may be to Fidelity Trust Company of the City of Newark, New Jersey, Margaret Maud Flood and Franklin Conklin, and in the event of the death of my daughter Margaret Maud Flood, then to my daughter Mabel Gertrude Crossman and the survivor and survivors of them, In Trust nevertheless for the following uses and trusts that is to say:
1st. To pay all the rents, issues, profits and income of my estate to my wife Elizabeth Gertrude Flood for and during the term of her natural life; said payments to be made to her as my Executors and Trustees find expedient.
*99 2nd., Upon the death of my wife Elizabeth Gertrude Flood, and immediately thereafter, to pay one fourth of the rents, income, issues and profits of my estate to each of my four daughters, viz: Mabel Gertrude Crossman, Margaret Maud Flood, Edith Adeline Cavanagh and Grace Elizabeth Robert, for and during the term of her natural life.
3rd., Upon the death of any one of my said daughters leaving issue her surviving, to pay to such issue, the rents, issues, profits and income to which the parent of such issue would be entitled if living, during his, her or their minority, and until he, she or they attain the age ot fwenty-one years.
4th., Upon the child or children of any of my daughters attaining the age of twenty-one years to pay to such child or children the one fourth of, if one, or the share of the one fourth of my estate, if more than one, for his, her or their use absolutely and forever.
5th., Upon the marriage of my daughter Margaret Maud Flood, it is my wish and I do hereby order my Executors to pay over to her, out of the principal sum of my estate, the sum of Five Thousand Dollars ($5000.) upon her wedding day.
Third:  In the event of the death of any one of my daughters without leaving issue her surviving, it is my will and I direct that the one-fourth share of the income bequeathed to each, shall be paid to the surviving daughter or daughters, in equal shares, and in the event of the death of any one of the children of any one of my daughters, that the share of the one-fourth of the income of my estate of such deceased child shall be paid to the surviving brothers and sisters of such deceased child, and in the event of the death of all the children of any one of my daughters before attaining the age of twenty-one years, without leaving lawful issue, that then the share which such child or children would have received shall be paid to the child or children of any one or all of the surviving of my said daughters."
Fidelity Union Trust Company is now administering the trust as sole trustee.
Peter F. Flood was survived by his widow Elizabeth G. Flood, and four daughters, Mabel G. Crossman, Margaret M. Flood, Edith A. Cavanagh and Grace F. Robert. Elizabeth G. Flood died February 20, 1931, from which date to March 10, 1931 the trustee paid the income of the principal in equal shares to the four daughters, pursuant to paragraph Second, section 2.
On March 10, 1931 Mabel G. Crossman died intestate, survived by her son Peter F. Crossman, then over 21. He was paid one-fourth of the trust principal, pursuant to *100 paragraph Second, section 4. From March 10, 1931 until June 8, 1936 the trustee paid the income of the remaining trust estate equally to the three surviving daughters. Margaret M. Flood died intestate on June 8, 1936, unmarried and without issue surviving. Edith A. Cavanagh was appointed administratrix of her estate. From June 8, 1936 to July 16, 1958 the trustee paid the income from the remaining trust estate in equal shares to Edith A. Cavanagh and Grace F. Robert in accordance with paragraph Third.
Edith A. Cavanagh died July 16, 1958, without issue surviving. Letters testamentary were issued on her estate to Edward F. Cavanagh, Jr. Grace F. Robert, the last surviving daughter of Peter F. Flood, died on September 24, 1959, survived by one son, Henry F. Robert.
The pretrial order in this case stated the issues as follows:
"(a) Should there be a judgment construing the Last Will and Testament of Peter F. Flood, deceased, and particularly paragraphs Second and Third thereof?
(b) Should there be a judgment advising and instructing Fidelity Union Trust Company, as Trustee under said will, to whom the net income accruing from and after July 16, 1958 from the trust estate held by it is presently payable, and if to more than one person, in what proportions?
(c) Should there be a judgment advising and instructing Fidelity Union Trust Company, as Trustee under said will, whether any part of the principal of the said trust estate is presently distributable, and if so, what part and to whom and in what proportions?
(d) If no part of the principal of the said trust estate is presently distributable, should there be a judgment advising and instructing Fidelity Union Trust Company, as Trustee under said will, to whom, and if to more than one person, in what proportions, the said principal will be distributable upon the death of the defendant, Grace F. Robert?"
As to (a) the law is too clear to need citation that the trustee has the right, and indeed the duty, to ask for instructions where there is a valid doubt as to the testator's intent. Such is clearly the case here.
As to (d), since Grace F. Roberts died on September 24, 1959, under the terms of the will the corpus of the trust is now ready for distribution, which leaves for disposition *101 but two questions  (1) instructions as to distribution of income from July 16, 1958 to date, and (2) instructions as to whom and in what proportion the corpus is now to be distributed.
When Margaret M. Flood died without issue on June 8, 1936, paragraph Third of the will became operative:
"In the event of the death of any one of my daughters without leaving issue her surviving, it is my will and I direct that the one-fourth share of the income bequeathed to each, shall be paid to the surviving daughter or daughters, in equal shares, * * *."
Pursuant to the above, the trustee paid the income from the remaining three-fourths of the trust estate equally to Edith A. Cavanagh and Grace F. Robert until July 16, 1958, when Edith A. Cavanagh died without issue.
Grace F. Robert, the last surviving daughter, is admittedly entitled to five-sixths of the trust income accruing from July 16, 1958 until her death on September 24, 1959. This five-sixths is arrived at by taking her one-half of the trust income from June 8, 1936 to July 16, 1958, and adding thereto the original one-fourth share paid to Edith under paragraph Second, section 2. However, the question unresolved concerns the disposition of the one-sixth share of the trust income that accrued to Edith as the sole survivor of her sister Margaret.
When Margaret died in 1936, without issue surviving, her one-fourth share of income in the original trust became payable to her sisters, Edith and Grace. When Edith died in 1958, without issue surviving, her one-fourth share of income in the trust became payable to Grace as testator's sole surviving daughter. However, one-half of Margaret's share of income passed to Edith in 1936 under paragraph Third. This share, if viewed as an accrued share, is not again subject to a right of survivorship. Rather, this fractional share vested in Edith's estate.
The rule has been stated as follows in Boggs v. Boggs, 69 N.J. Eq. 497, at page 502 (Ch. 1905):
*102 "The applicable rule, in my judgment, is that stated by Mr. Jarman. 3 Jarm. Wills (R. & T. ed.) 560 et seq. Briefly expressed it is, that clauses disposing of shares of legatees and devisees dying before a given period, do not, without positive and distinct indication of intention, extend to shares accruing thereunder, but that if the intention is manifested that the entire subject of disposition shall remain in mass until the period of distribution, and then be distributed among one and the same class of objects, then the accruing shares will be carried over to those objects, together with the original shares. This rule is supported by many pertinent cases in the English courts, cited by Mr. Jarman in its support, and is, in my judgment, in accord with reason. The opinion of Chief-Justice Hornblower in the supreme court in Seddel v. Wills [20 N.J.L. 223], ubi supra, recognizes and applies the principle.
If, in the true construction of this will, it had been found that the testator intended that the fund in question should remain intact until the death of his widow and then be distributed in mass to those of his children who survived, doubtless the so-called accruing shares would pass with the original shares.
But the testator's intention has not been found to be such as would produce that result, but rather that he designed to separate the children's respective interests, which notably appears from the provisions permitting the widow to advance to a child upon his share, which advance was to be debited to such child, and thereby diminish the amount to be distributed to him at the death of the widow.
It follows that complainant, the sole survivor of the children, is entitled to his original share of the fund to be distributed and to the original share of the child who last died leaving complainant sole survivor.
But original shares of the children who successively died before the last passed to those surviving at the death of each. Complainant is entitled to such portions thereof as thus accrued to him.
Other portions of such original shares, which passed to surviving children other than complainant, became their absolute property, and were no longer subject to the survivorship provisions of the will. As accrued shares they passed to their representatives and must be accounted for to them."
To the like effect, Trenton Trust & Safe Deposit Co. v. Cook, 88 N.J. Eq. 516 (Ch. 1918); 5 N.J. Practice (Clapp, Wills and Administration), sec. 131, at p. 310; Skinner v. Boyd, 98 N.J. Eq. 55 (Ch. 1925), affirmed 100 N.J. Eq. 355 (E. & A. 1926).
In Boggs v. Boggs, supra, the court deals with an exception to the general rule that accrued shares do not re-survive. *103 The exception comes into play when the trust, by its terms, provides that the corpus remain intact until the death of the last life tenant and then be distributed to the remaindermen. Such intention of the testator to retain the corpus intact for distribution to the last surviving daughter is negatived by the provision for successive diminution of the principal as each daughter died leaving issue surviving. Despite the criticism to be found in the text writers of the rule which holds that accrued shares do not re-survive, this court feels bound by Skinner v. Boyd, supra, and the cases therein cited. From the foregoing, it follows that five-sixths of the trust income accruing from July 16, 1958 to September 24, 1959 is payable to the estate of Grace F. Robert and the remaining one-sixth of the trust income to the estate of Edith F. Cavanagh.
Paragraph Second, section 4 provides for the disposition of principal upon the death of a daughter with issue surviving. Paragraph Third deals solely with income and is silent as to corpus, and cannot reasonably be read otherwise. In light of this interpretation, we are confronted with the question of whether the one-fourth share of Margaret M. Flood and the one-fourth share of Edith A. Cavanagh pass under the will or by intestacy, and since the court holds that it was not the testator's intention that paragraph Third deal with corpus, it follows that an intestacy has resulted so far as the two one-quarter shares above mentioned are concerned. This result is arrived at despite the presumption which the law recognizes against an intestacy. While this court will strive to find an expression of testator's intent within the four corners of the will so as to dispose of his entire estate, this court will not re-draft the instrument so as to fill this gap.
Counsel for Peter F. Crossman have offered testimony in the form of the affidavit of Peter F. Crossman so as to aid in construing testator's will. Such evidence, if admissible, would only be allowed to aid in resolving any ambiguity in the will. The testimony could not be used to *104 show what testator intended to show in his will. Certainly this raises no such ambiguity, either latent or patent, that would permit admission of this extrinsic evidence. Consequently, the court has disregarded its contents.
Judgment is hereby entered directing the trustee to distribute one-third of the trust principal to Henry F. Robert as the sole surviving child of Grace F. Robert. The remaining two-thirds of the trust passes by intestacy.
A judgment in accordance herewith may be submitted on notice if counsel cannot agree thereon. At the same time, any further applications will be considered.