The testator gave the residue of his estate to his widow for life. At her death the remander was to be converted into cash and the proceeds divided as directed. The executors were given power of sale. They sold a piece of real estate for which they took in payment a purchase-money mortgage. They foreclosed the mortgage and bought back the property to save themselves. After seven years they again sold it at *Page 72 
an increase over the price of the first sale. The widow now claims that the increase should be apportioned between her and the remaindermen based upon the sum of the interest that would have accrued to her on the foreclosed mortgage if it had not been foreclosed and the interest had been paid, upon the principles applied in Parker v. Seely, 56 N.J. Eq. 110; Hagan v. Platt,48 N.J. Eq. 206; Tuttle's Case, 49 N.J. Eq. 259, and Park'sEstate, 173 Pa. St. 190. To this she is, obviously, not entitled.
The sale of the land in the first instance, under the power given the executors, worked no conversion. It is a bare power. The mortgage taken in payment remained realty in the hands of the executors in trust for the widow and remindermen. The foreclosure sale simply vested the legal title to the land in the executors upon the same trust. Whatever of the net yield of the premises, be it of the mortgage or of the possession of the land, belongs to the widow. The widow's estate in the land was, for the time being, limited to the income from the mortgage. During the executors' possession she was entitled to the net yield, and now, again, she is limited to the income on the net receipts of the last sale. The increased price of the second sale is principal, not profit. The rule of the cases cited is not applicable.
But the life tenant ought not suffer all the damage sustained by the loss of interest on the mortgage during the possession of the mortgagor. She would have had the rents if the sale had not been made and the mortgage taken. To that extent she is entitled to be relieved out of the increased price. The net income of the land for the period of default will be determined by the average net yearly income during the possession of the life tenant and the executors.
A receiver appointed in the foreclosure suit collected rent which is now in the hands of the executors. The rent was, primarily, applicable to the payment of interest on the mortgage. It belongs to the life tenant. Budd v. Littell, 30 Ky. L.R.158; Matter of Busch Brewing Co., 41 N.Y. App. Div. 204; Law v.Glenn, L.R. 2 Ch. 634; In re Kearney (1902), 1 L.R.I. 59. *Page 73