HUDSON COUNTY NATIONAL BANK, as successor trustee, &c., complainant-respondent,

*v.*

HATTIE C. WOODRUFF, RUTH W. PERRY, MARY W. HOFF, now MARY W. RICE, and HARRIET W. SMITH, defendants-respondents, and MINNIE COWARD, MINNIE COWARD, as administratrix with the will annexed of J. Mortimer Coward, MINNIE COWARD and HARRY MOSER, as successors trustees under the last will and testament of John M. Coward, and MIRIAM COWARD RICE, defendants-appellants.

[Argued February 11th, 1938.  Decided May 17th, 1938.]

*Messrs. Davies & Davies (Mr. Shelton Pitney* and *Mr. Frank J. Davies,* of counsel), for defendants-appellants Minnie Coward and others.

*Mr. Percival G. Cruden* and *Mr. Merritt Lane,* for the complainant trustee-respondent.

Mr. *Russell E. Watson,* for the defendants-respondents Hattie C. Woodruff, Ruth W. Perry, Mary W. Hoff, now Mary W. Rice.

Messrs. *Carey & Lane,* for the defendants-respondents Hattie C. Woodruff and Harriet W. Smith.

Messrs. *Lindabury, Steelman, Zink & Lafferty (Mr. William Rowe,* of counsel), for Federal Trust Company, as *amicus curiæ.*

PER CURIAM.

Respondent, Hudson County National Bank, complainant below, as the successor trustee of two separate trust estates created by James S. Coward, deceased, original trustee, for the benefit of his daughter, Hattie C. Woodruff, filed a bill in chancery seeking advice and instructions upon some twenty or more alleged doubtful problems which it encountered in the discharge of its duties in the administration of these estates. A detailed statement of pertinent facts, problems propounded, and answers given thereto, fully appear in the opinion of Vice-Chancellor Lewis, reported in *122 N. J. Eq. 444.*

Pursuant to that opinion a final decree (dated December 6th, 1937) was entered. The vice-chancellor also made an order (dated December 9th, 1937) allowing taxed costs, expenses and counsel fees. See *123 N. J. Eq. 151.*

Appellants challenge the propriety of certain portions of the decree, and the order entered.

We have carefully considered all points argued and have determined that in the interest of effectuating an agreed undertaking between the court and respective counsel, and in the interest of clarity, paragraph 4 of the decree be modified to read as follows:

"4. If the income of any separate unit of property acquired by the trustee, *at foreclosure sale,* be insufficient to meet the carrying charges thereof, the deficiency should, *in the first instance,* be paid out of *corpus.*"

Otherwise, the challenged order and decree are affirmed for the reasons stated in the reported opinions of the learned vice-chancellor.

The cause will be remanded to the court below where the decree will be modified consistently with this opinion, and as so modified is hereby affirmed, without costs to any party.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 11.

*For modification*—HEHER, PORTER, JJ. 2.

With modification stated—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For modification*—HEHER, PORTER, WALKER, JJ. 3.