The question is whether certain taxes should be charged to income or to corpus.
Former Governor Franklin Murphy died in 1920 leaving a will whereby, among other gifts, he devised his homestead property on Broad street, Newark, to his son, Colonel Franklin Murphy, Jr., for life; remainder to his executor in trust *Page 202 
for testator's daughter, Mrs. Helen M. Kinney, for life; and finally to his grandchildren. He gave the executor power to sell any real estate of which he might die seized, provided that the homestead property should not be sold during the lifetime of Colonel Murphy without his consent.
With Colonel Murphy's consent, the executor, in 1925, sold the homestead for $470,000 of which $94,000 was paid in cash and United States bonds, and the balance was secured by a purchase-money mortgage. An income tax of $39,500, on account of the sale, was paid out of corpus, leaving net cash and equivalent of $54,500. One of the terms of sale required the purchaser to demolish the old residence on the property and to erect instead a business structure. The purchaser did so; the new building cost $163,000. In 1932 the purchaser found itself unable to continue to carry the property and reconveyed it to the executor as trustee under the will in consideration of the cancellation of the bond. The executor received the property subject to taxes and interest thereon amounting to $11,362.
A few months thereafter, November 9th, 1932, Colonel Murphy died. The executor still holds the property and prays instructions of the court whether the taxes and interest thereon should be charged to income or to corpus.
If the mortgage be regarded as an ordinary investment of trust funds, then clearly, the rule would apply that taxes accrued against the mortgaged property prior to its acquisition by the trustee, should be paid in the first instance out of thecorpus. And then on final disposition of the property, corpus
would be reimbursed for the taxes advanced and the balance of the proceeds would be opportioned between income and corpus. Parker
v. Seeley, 56 N.J. Eq. 110; Hudson County National Bank v.Woodruff, 122 N.J. Eq. 444; affirmed, 123 N.J. Eq. 585; TrentonTrust and Safe Deposit Co. v. Donnelly, 65 N.J. Eq. 119. Or it may be said, the mortgage was not an investment; it was a mere security for part of the price at which the homestead was sold.Woodruff v. Lounsberry, 40 N.J. Eq. 545. In this view, the sale of the homestead was never fully consummated and while the transaction *Page 203 
was still incomplete and part of the purchase price remained unpaid, the sale was abandoned and the property returned to the executor. True, Colonel Murphy had originally legal title to the life estate, and after the conveyance to the trustee he had only an equitable estate, but this detail does not affect the substance. If such a theory of the case be adopted, the entire transaction from initiation to rescission must be taken as a unit and its net effect considered. In place of an old, though expensive residence, the estate had a modern business building well suited to the locality. It received and retains $54,500 on account of the attempted sale. Contra is the resulting tax lien of $11,362. It seems clear to me that equity requires this lien to be paid out of the sum of $54,500, that is, out of corpus. I have not overlooked that Colonel Murphy received between 1925 and 1931 as interest on the mortgage, a sum probably in excess of the vendee's net income from the land, but this does not affect the result.
Counsel have debated earnestly whether the deed given in 1925 operated to convert the estate from realty to personalty, and have cited many authorities on the question whether upon death of a remainderman during the pendency of a trust his heirs or his personal representatives succeeded to his interest. This discussion seems to me to be immaterial to the problem presented for decision. Two cases of Vice-Chancellor Backes have been cited, McCoy v. McCloskey, 94 N.J. Eq. 60, and Burnett v.Witschief, 96 N.J. Eq. 71, dealing with the apportionment of profits on the resale of foreclosed land; but neither of them touch taxes burdening land bought in at foreclosure by the trustee.
Complainant will be instructed that the taxes should be charged to corpus. A small item of expense incidental to complainant's taking over the property, $439, although not mentioned in the bill, has been discussed by counsel. It likewise should be paid out of corpus.
There is also presented a question of taxes on the land accrued between the date of the deed to complainant and the death of Colonel Murphy. Counsel agree that the taxes are payable out of income, at least to the extent of the income *Page 204 
of the property taxed. Figures presented by complainant's accountant, show the balance from rents received or accrued in the period and collected thereafter, after paying all operating expenses and $1,000 of taxes, is $3,464. Taxes accrued for the same period, $3,886, less $1,000 paid, leaves unpaid taxes of $2,886. This sum should be charged against rental income. *Page 205