This case presents a problem of apportionment between life tenant and remainderman of the loss on an investment, part of the trust fund.
Testator owned a six per cent. mortgage for $50,000 on property known as 457-459 Broad Street, Newark. After testator's death, complainant as trustee under his will, foreclosed and took title to the land January 8th, 1934. Taxes in arrears were $6,905. The property at that time and until 1940 was incapable of producing enough rents to meet even current taxes, so the trustee adopted the policy of not paying taxes at all. At a tax sale, the city bought in the property and in July, 1943, took possession. The tax liens, exclusive *Page 515 
of interest and penalties, have increased by $11,858 and with interest now exceed $28,000. The property is presently worth around $12,000, free of all liens. The trustee from the time of the foreclosure sale, diligently tried to sell the land both through brokers and by public auction, but never received any substantial offer.
In complainant's hands is the rent fund, $6,420, being the entire yield of the property for ten years, none of it having been paid the life tenant. The question is the disposition of the fund. There has been no net income from the investment since October 1st, 1932, the date to which interest on the mortgage was paid. The money in hand was accumulated only by permitting the liens to increase until they far exceed the value of the premises. In substance, the fund is the salvage, the price received in installments for the sale of the property. It is all that remains of the investment and it must be distributed betweencorpus and income in accordance with the principles which govern when foreclosed real estate is liquidated.
Our cases use this formula for distribution: The amount realized is allocated between remainderman and life tenant in the proportion that the original corpus bears to the unpaid interest due the life tenant. Hagen v. Platt, 48 N.J. Eq. 206;Tuttle's Case, 49 N.J. Eq. 259; Trenton Trust and Safe DepositCo. v. Donnelly, 65 N.J. Eq. 119; Equitable Trust Co. v.Swoboda, 113 N.J. Eq. 399; Hudson County National Bank v.Woodruff, 122 N.J. Eq. 444; 123 N.J. Eq. 585. If we apply the same interest rate, the formula found in our reports and the one given in the Restatement, Trusts, § 241, produce an identical apportionment. The Restatement adopts the current rate of returns on trust investments, and this is the rule in Massachusetts and Pennsylvania. Springfield, c., Co. v. Wade
(Mass.), 24 N.E. Rep. 2d 764; Nirlinger's Estate
(Pa.), 193 Atl. Rep. 30. While our own courts have not discussed the subject, they uniformly have used for the calculation the rate payable on the mortgage when it went into default. This is the rate approved in New York before the legislature otherwise decreed. Re Otis (N.Y.),11 N.E. Rep. 556; 14 N.E. Rep. 203. It should *Page 516 
be observed; however, that the fund is apportioned not because of any arbitrary rule but in an attempt to do equity between the parties. Thus Ordinary McGill, in Tuttle's Case, characterized the rule for apportionment as one "securely founded in justice and good sense," and Vice-Chancellor Sooy, in the Swoboda Case, based the apportionment "on fairness to both the life tenant and remaindermen." In the instant case, the fund has been accumulated over a period of years. At any time during that period, an unascertained part of the money in hand has been capital awaiting investment.
It might be considered that each installment of the consideration — as the rents may be called — should be apportioned separately, as of the time it was received, but such minute detail is unnecessary and the result would not be fair to the life tenant. Justice will be done between the life tenant and remaindermen if the apportionment is made on a basis of 4 1/2 per cent. for twelve years, making the total interest 54 per cent. Divide the sum in hand by 1.54. The quotient will be corpus and the balance of the fund income.
The trustee's handling of the investment will be approved in accordance with its prayer and the trustee will be instructed to abandon the premises.