176 A.2d 199 (1961)
BANK OF DELAWARE, a corporation of the State of Delaware, Trustee under the Will of William R. Todd, deceased, Plaintiff,
v.
Marjorie G. GOLDEY, Everett E. Borton, Executor of the Estate of Edna G. Anderson, George C. Hering III, Administrator of the Estate of Mary M. Todd, Ella May McCutchen, J. Graham Taggart, Dorothy T. Carmichael, Martha J. Harrison, Joseph Johnson, Robert Johnson, Harold Johnson, George Johnson, William Johnson, Leonard Johnson, Catherine Johnson Brewer, Millicent Johnson, Edward Johnson, Jr., Martha J. Summer, Charles Johnson, Jr., Elizabeth Johnson, Edith Johnson, Defendants.
Court of Chancery of Delaware, New Castle.
December 15, 1961.
Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.
George T. Coulson, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant Marjorie G. Goldey.
George C. Hering, III, of Morris, James, Hitchens & Williams, Wilmington, for defendants Joseph Johnson, Robert Johnson, Harold Johnson, George Johnson, William Johnson, Leonard Johnson, Catherine Johnson Brewer and Martha J. Summer.
*200 Donald C. Taylor, Wilmington, for defendants Ella May McCutchen, J. Graham Taggart and Dorothy T. Carmichael.
MARVEL, Vice Chancellor.
In 1932, William R. Todd died leaving a 1928 will under the terms of which the residue of his estate was left to his wife in trust with power granted her to expend principal for her personal needs. The testator went on to direct that after his wife's death such residue was to be held in further trust by the predecessor of the present plaintiff for the benefit of testator's unmarried daughter, again with provision for the expenditure of principal for the life tenant's benefit. Finally, the testator selected three children of his sister Eunice as residuary remaindermen to the exclusion of such sister's other children, the next of kin of his deceased sister Elizabeth and his wife's relatives.
The section of the Todd will material to this action concludes by directing that: "If either of my said nieces or my said nephew should be deceased at the time of the death of my said daughter, I give devise and bequeath the share of the one so dying unto the survivor or survivors, in equal shares * * *", the will having allocated such shares in the following manner, one-half to a nephew Willard S. Gould, one-fourth to a niece Lulu H. Gould, and one-fourth to a niece Edna B. Anderson.
As matters transpired, Mary M. Todd, the daughter, having survived all three residuary remaindermen, died without issue on March 17, 1960. The first remainderman to die was Lulu who died in 1941 and the last Edna in 1957. It is conceded, however, by those seeking the funds in issue that the separate interest bequeathed in the Todd will to each remainderman was in fact vested, Wright v. Gooden, 6 Houst. 397. Disagreement arises over the effect of the clause directing how the share of a remainderman dying before the death of the testator's daughter should be distributed.
The plaintiff bank, trustee under the Todd will, sets forth in its complaint the relevant portions of the will and names as parties defendant the administrator of the estate of Mary M. Todd and her intestate heirs who would take in the event of a finding that the testator died intestate as to the residue of his estate. Plaintiff also alleges that Edna G. Anderson, the last surviving remainderman named in the Todd will and who with her brother Wilmer shared in a division of the estate of their brother Willard, specifically bequeathed any bequest due her under such will to her niece, Marjorie G. Goldey, who was also the sole remainderman under the will of her brother Wilmer. She accordingly claims the entire remainder of the trust set up under the Todd will.
The administrator of the estate of Mary M. Todd and her intestate heirs have moved for judgment in their favor on the pleadings, and while Marjorie G. Goldey has not made a similar motion, there is no dispute of record as to any material fact, and final judgment construing the will may appropriately be entered.
In arguing that the deaths of the three remaindermen prior to the death of the life tenant resulted in an intestacy as to the residue of the Todd estate, those who would take in such event contend that while intestacy particularly as to residue is to be avoided if possible, that here the testator failed to anticipate that at least one of the remaindermen might fail to survive the life tenant. They argue, accordingly, that the testator having failed to foresee such a possibility, the Court may not intervene to prevent a complete divestiture which, according to them, took place upon the failure of the last remainderman to survive the life tenant.
In reply, Mrs. Goldey contends that inasmuch as the testator made no provision for persons other than those through whom Mrs. Goldey claims, he clearly intended that one or more of the three named remaindermen, whose interests were concededly vested subject to divestment, should under *201 varying factual situations take his residuary estate to the exclusion of all others. It is argued that unless to give effect to such clear intent would contravene some rule of law, it must be honored. Those opposing Mrs. Goldey's claim do not seriously question this proposition but claim that the testator's intent was not so clearly delineated; that there was no indication in the will that the heirs of the remaindermen were to be benefited under any circumstance and that "* * * who the survivors were could obviously not be ascertained until the death of Mary M. Todd."
First of all, I have no doubt but that the separate gifts to the remaindermen were vested subject to divestment on two conditions, one that a remainderman die during the lifetime of the life tenant and secondly that one so dying be survived by one or both of the other remaindermen. In short, the testamentary language here employed would appear to direct a gift over of a vested remainder interest to take effect on the death of the designated holder thereof and to provide that the vesting of such interest was not to be deferred until the death of the life tenant. The only other construction which, in my opinion, could be given to the language here in issue would be one to the effect that the testator intended all shares to be passed along to the last surviving remainderman under the principle of resurvivorship. In either event, as will be pointed out, the result is the same, namely a taking of the entire remaining residue by Mrs. Goldey.
I cannot accept the reading of the Todd will urged by the intestate heirs of Mary M. Todd, namely that the testator intended a deferring of a determination of who were the "survivor or survivors" among the remaindermen until after the life tenant's death, because such a reading would result in vested rights being held in abeyance, a concept at odds with the doctrine which favors the early vesting of estates, Cann v. Van Sant, 24 Del.Ch. 300, 11 A.2d 388. Such remainder interests having vested, Wright v. Gooden, supra, they were subject to divestment only as provided by the testator. Compare Stabler v. Ramsay, 30 Del.Ch. 439, 62 A.2d 464 and In re Smith's Estate, 16 Del.Ch. 272, 145 A. 671.
Directly in point is the case of Leahy v. Murray, 16 Ill.2d 350, 158 N.E.2d 30, 32, in which the court applied the law governing vested remainders in the light of the obvious rule that a testator's intent to benefit designated persons and not the heirs of a deceased remainderman should, if possible, be carried out. The pertinent language of the will in the cited case provided for a life estate to a daughter Alice with remainder over in equal parts to two named sons and a daughter "* * * provided that if either said Michael, John or Margaret shall die before said Alice  the life tenant  the share (one-third) devised to such as shall die shall be taken in equal parts by the said survivors." The Court pointed out that upon the testator's death all remainder interests initially vested subject to divestment only if a remainderman died prior to the life tenant leaving another remainderman. In a factual situation similar to the one at bar all remaindermen predeceased the life tenant. The court reasoned that there could be no divestment of the interest of the last surviving remainderman and went on to trace the devolution of all the remainder interests involved, declining to read the will in a manner which would lead to resurvivorship of a share which had already once passed to a survivor. Compare Boggs v. Boggs, 69 N.J.Eq. 497, 60 A. 1114.
While the reasoning applied in the Leahy case is in a sense pedantic, it has the merit of logic and gives effect in this case to the testator's intent to the extent possible under existing facts. A rejection of the rule therein expressed would render nugatory the testator's plan for disposing of the residuum of his estate. Accordingly, I conclude that Lulu having died in 1941 and Willard in 1949, upon Edna's death in 1957, either by a strict application of the principle of the Leahy case (Mrs. Goldey having taken *202 any survivor interests finally vested in Edna and Wilmer as a result of bequests made to her in such persons' wills) or under the theory that the testator intended that the entire remainder interest of his estate pass to the last surviving remainderman if only one should be in esse during Mary's lifetime, Mrs. Goldey in either event is entitled to the net residue of the Todd estate remaining in plaintiff's hands.
An appropriate order designed to provide for the payment of taxes due on the distribution of the residue of the Todd estate, which will be directed to be paid to Mrs. Goldey, may be submitted on notice.